## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Tonya Haskett, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:17-cv-2605 |
| Millikan Law Office, PC, an Indiana professional corporation and Atlas Collections, Inc., an Indiana corporation, | ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Tonya Haskett, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendants reside here.

**PARTIES**

3.    Plaintiff, Tonya Haskett ("Haskett"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which she allegedly owed for multiple medical debts.

4. Defendant, Millikan Law Office, PC ("Millikan"), is an Indiana professional corporation and law firm that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant Millikan operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Millikan was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Atlas Collections, Inc. ("Atlas"), is an Indiana corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts which it did not originate. Defendant Atlas operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Indiana. In fact, Defendant Atlas was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Atlas is a bad debt buyer that buys portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant Atlas's principal, if not sole, business purpose is the collection of delinquent consumer debts originated by others.

6. Defendants Millikan and Atlas are both authorized to conduct business in Indiana, and maintain registered agents here, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, Defendants Millikan and Atlas conduct

business in Indiana.

7. Defendant Atlas is licensed as debt collection agency in the State of Indiana, see, records from the Indiana Secretary of State, Securities Division, attached as Exhibit B. In fact, Defendant Atlas acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

8. Defendants sent Ms. Haskett an initial form collection letter, dated March 20, 2017, demanding payment of delinquent consumer debts owed for various medical debts. This letter stated, in pertinent part:

\* \* \*

> UNLESS YOU DISPUTE THIS DEBT, OR ANY PORTION OF IT, WITHIN 30 DAYS AFTER YOU RECEIVE THIS NOTICE, MY CLIENT, ATLAS COLLECTIONS INC., WILL ASSUME IT IS VALID.
>
> IF YOU NOTIFY ATLAS WITHIN THE 30 DAY PERIOD THAT YOU DISPUTE THIS DEBT OR ANY PORTFION OF IT, MY CLIENT WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF ANY JUDGMENT AND MAIL IT TO YOU.
>
> IF THE LISTED CREDITOR IS NOT YOUR ORIGINAL CREDITOR AND YOU SUBMIT A REQUEST WITHIN THE 30 DAY PERIOD FOR THE NAME AND ADRESS OF THE ORIGINAL CREDITOR , MY CLIENT. ATLAS COLLECTION, INC., WILL SUPPLY SUCH INFORMATION TO YOU.

\* \* \*

Nowhere in Defendants' letter did they advise Ms. Haskett that, in order to require Defendants to provide verification of the debt and/or the name of the original creditor, disputes had to be in writing. Moreover, Defendants' letter also wrongly stated that disputes must be directed to the debt buyer, Defendant Atlas, when, in fact, in order to obtain verification, the dispute needed to be made to Defendant Millikan. A copy of this letter is attached as Exhibit C.

3

9. Violations of the FDCPA which could lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Whether disputing a debt could be done orally, by simply picking up the phone, or whether a consumer needs to make a written dispute or request for additional information, is material information that would play a role in a consumer's decision of whether to dispute a debt.  Moreover, disclosure of the information is mandatorily required by the plain language of the FDCPA and is therefore material, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317, 324-325 (7th Cir. 2016).

10. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g
### Ineffective Validation Notice

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt"

4

see, 15 U.S.C. § 1692g(a)(4); "(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor if different from the current creditor" see, 15 U.S.C. § 1692g(a)(5).

14. Nowhere in Defendants Millikan's March 20, 2017 initial collection letter to Plaintiff (Exhibit C) does it state that Plaintiff's dispute to Defendants had to be in writing to protect her right to obtain verification of the debt or the name and/or the original creditor. Thus, Defendants Millikan and Atlas have violated § 1692g(a)(4) and (5) of the FDCPA, see, Bishop v. Ross Earle & Bonan, 817 F.3d 1268, 1274 (11th Cir. 2016); Clark v. Absolute Collection Serv., 741 F.3d 487, 491 (4th Cir. 2014); Hooks v. Forman, Holt, Eliades & Ravin 717 F.3d 282, 286 (2d Cir. 2013); Smith v. GC Services, 2017 U.S.Dist. LEXIS 93710 at [*6]-[*8](S.D.Ind. 2017); McCabe v. Crawford & Co., 272 F. Supp. 2d 736, 742-743 (N.D. Ill. 2003); and Matmanivong v. NCC, 2015 U.S. Dist. LEXIS 15054 at [*26]-[*27](N.D. Ill. 2015).

15. Additionally, Defendants' letter stated that disputes must be directed to the debt buyer, Atlas, in further violation of § 1692g(a)(4) of the FDCPA.

16. Defendants' violations of § 1692g of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

17. Plaintiff adopts and realleges ¶¶ 1-11.

18. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. §

1692f.

19.    Defendants, by failing to advise Plaintiff that, in order to require Defendants to provide verification of the debt and/or the name of the original creditor, disputes had to be in writing and by wrongly stating that disputes must be directed to the debt buyer, Defendant Atlas, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

20.    Defendants' violations of § 1692f of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

21.    Plaintiff, Tonya Haskett, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants Millikan and Atlas attempted to collect a delinquent consumer debt allegedly owed for medical services, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

22.    Defendants Millikan and Atlas regularly engage in debt collection, using the same form collection letter they sent Plaintiff Haskett, in their attempts to collect delinquent consumer debts from other persons.

23.    The Class consists of more than 35 persons from whom Defendants Millikan and Atlas attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Haskett.

24. Plaintiff Haskett's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

25. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants Millikan and Atlas have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

24. Plaintiff Haskett will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Haskett has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Tonya Haskett, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2.  Appoint Plaintiff Haskett as Class Representative of the Class, and her attorneys as Class Counsel;

3.  Find that Defendants' form collection letter violated the FDCPA;

4.  Enter judgment in favor of Plaintiff Haskett and the Class, and against Defendants Millikan and Atlas, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5.  Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Tonya Haskett, individually and on behalf of all others similarly situated, demands trial by jury.

                                                                            Tonya Haskett, individually and on behalf of all others similarly situated,

                                                                            By:/s/ David J. Philipps_____
                                                                            One of Plaintiff's Attorneys

Dated August 2, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com